IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01368-RM-BNB

TYRONE RICHARD ALLEN,

    Applicant,

v.

CHARLIE A. DANIELS, Warden,

    Respondent.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter arises on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. # 1] ("the Application"), filed on May 24, 2013, by Tyrone Richard Allen ("the petitioner"). On August 7, 2013, the respondent filed a Response to Order to Show Cause [Doc. # 18] (the "Response"). On September 11, 2013, the petitioner filed his Opposition to Response to Application [Doc. # 25] (the "Reply"). I respectfully RECOMMEND that the Application be DENIED.

## I. BACKGROUND

On April 29, 2009, petitioner was sentenced in the United States District Court Eastern District of Tennessee in the following cases:

- Case No. 08-cr-117-001: 71-month term of imprisonment based on his conviction for being a felon in possession of a firearm;

- Case No. 92-cr-111-001: 24-month term of imprisonment for a supervised release violation (SRV); and,

- Case No. 08-cr-6066: 12-month term of imprisonment for an SRV.

[*Response*, Doc. # 18-1, Declaration of Dawn L. Giddings, at ¶ 6, and attach. 4]. The sentencing court ordered that the SRV terms would run concurrently, but consecutively to the 71-month term imposed in Case No. 08-cr-117-001. [*Id.*].

The Bureau of Prisons ("Bureau" or "BOP") calculated petitioner's 71-month sentence to begin on April 29, 2009, the date it was imposed. [*Id.* at ¶ 7, and attach. 6]. Petitioner received prior custody credit against the sentence, for the period October 7, 2008 to April 28, 2009. [*Id.*].

The Bureau has awarded Good Conduct Time (GCT) credit towards petitioner's current sentence for 204 days of custody, calculated from the date he was arrested pursuant to a U.S. Marshal's warrant on October 7, 2008. [*Id.* at ¶ 10, and attach. 9]. Petitioner's projected release date for the 71-month sentence, via GCT, is August 8, 2014. [*Response*, Doc. # 18-1, attach. 6, at 34]. His projected release date for the consecutive 24-month sentence, via GCT, is April 25, 2016. [*Id.* at 33].

Petitioner asserts three claims for relief in the Application: (1) that he "is not receiving full jail time credit towards both of his sentences" [*Application*, Doc. # 1, at 2]; (2) that his "statutory release/completion of sentence is not being mandated correctly [*id.* at 3]; and, (3) that the "BOP lacks any authority to alter the sentencing commands of a federal judge" [*id.*]. For relief, petitioner asks the Court to order the BOP to recalculate his sentence.

## II. STANDARD OF REVIEW

The petitioner is proceeding pro se, and I must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). I cannot act as advocate for a pro se litigant, however. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

"[A] challenge to the execution of a sentence should be brought under 28 U.S.C. § 2241." *Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005); *see also Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000)("Requests for sentence credit, or for recalculation of time yet to serve[,] . . . must be presented to the Attorney General (or [his] delegate, the Bureau of Prisons), and adverse decisions may be reviewed by an action under 28 U.S.C. § 2241."); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity. . . . "). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

### III. ANALYSIS

**A. Claim One**

Petitioner asserts in his first claim that he is entitled to 211 days of prior custody credit against the 71-month sentence and the 24-month sentence because he was in custody for both offenses before sentencing. [*Application*, Doc. # 1, at 2-5].

Petitioner's claim is governed by 18 U.S.C. § 3585(b), which states:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Under § 3585(b), a federal offender is entitled to have his prior custody credited against only one sentence. The plain language of the statute disallows prior custody credit against consecutive federal sentences. Petitioner does not dispute that he received 204 days of prior custody credit for his 71-month sentence for the period October 7, 2008 through April 28, 2009. [*Application*, Doc. # 1, at 4; *Response*, Doc. # 18-1, at ¶ 7, and attach. 6, at 34].[1] As such, I find that he was not entitled to receive the same credit against his consecutive 24-month sentence. *See United States v. Wilson*, 503 U.S. 329, 337 (1992) (stating that "Congress made clear [in enacting § 3585(b)] that a defendant could not receive a double credit for his detention time."); *see also Zaring v. Davis*, No. 11-1036, 426 F. App'x 644 (10th Cir. June 13, 2011) (unpublished) ("Section 3585(b) is clear. If one sentence is reduced by a pre-trial detention credit, the credit cannot be applied against another sentence. . . "). Accordingly, claim one of the Application is without merit.

**B. Claims Two and Three**

For his second and third claims, petitioner asserts that his "statutory release/completion of sentence is not being mandated correctly," contrary to "the sentencing commands of a federal judge" because the sentencing court intended for the 24-month SRV sentence to be served before the 71-month sentence. [*Application*, Doc. # 1, at 3; *see also Reply*, Doc. # 25, at 10]. He maintains in his Reply that the BOP initially computed his 24-month SRV sentence first, but then inexplicably switched to computation of his 71-month sentence. [Doc. # 25, at 4-5]. Petitioner also asserts that

---

[1] I note that petitioner does not elaborate on his assertion that he is entitled to 211 days of prior custody credit, instead of 204 days, and I find no support for his conclusory argument in the record.

the Bureau refused to aggregate his sentences, so that he will be serving an unlawful additional consecutive 12-month sentence. [*Application*, Doc. # 1, at 6]. Finally, Petitioner contends that he is entitled to 260 days of GCT credit against his 71-month sentence. [*Id.* at 5].

A review of the Bureau's sentence computation history for petitioner aids in understanding the issues raised by the Application. Petitioner has submitted copies of Sentence Monitoring Computation Data dated January 8, 2010, to demonstrate that the Bureau initially computed the 24-month SRV sentence with a projected statutory release date, via GCT, of June 30, 2010. The Bureau's data and initial response to petitioner's administrative remedy request dated October 16, 2012, indicate that the 24-month sentence was to be followed by service of the 71-month sentence and a 12-month SRV sentence, which were aggregated, for a total of 83 months. [*See* Doc. # 1, at 8-14]. The projected release date for the aggregated sentence was February 18, 2016. [*Id.* at 14].

On October 25, 2012, the warden advised the petitioner in an administrative remedy response that petitioner's sentence computation was not correct. [*Supplemental Appendix to Application*, Doc. No. 17-1, at 5]. On January 23, 2013, petitioner received an administrative response from the national inmate appeals administrator advising him that his federal sentence had been adjusted to reflect a 71-month term of confinement and a 24-month consecutive term of confinement (to account for the concurrent 24-month and 12-month sentences imposed on April , 2009). [*Id.* at 9]. The BOP's Sentence Monitoring Computation Data dated July 30, 2013, reflects that petitioner's 71-month sentence commenced on April 29, 2009, the day it

was imposed by the federal district court. [*Response*, Doc. # 18-1, at ¶ 7, and attach. 6, at 33]. *See* 18 U.S.C. § 3585(a). His most recent projected release date for the 71-month sentence, via GCT, is August 2, 2014, with a statutory release date of September 5, 2014. [*Id.*, attach. 6, at 34]. Petitioner's projected release date for his consecutive 24-month sentence, via GCT, is April 25, 2016. [*Id.* at 35].

Initially, I find no legal basis for petitioner's contention that the BOP was required to compute his 24-month SRV sentence first based on statements made by the sentencing judge. Once a federal district court sentences an offender, the Attorney General, through the Bureau, has the responsibility for administering the sentence. *Wilson*, 503 U.S. at 335 (citing 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed."). The Bureau computed the 71-month sentence first because the sentencing court ordered the 24-month sentence to run "consecutive to" the 71-month sentence. [*Response*, Doc. # 18-1, at ¶ 8; *see also* attach. 4, at 29]. Petitioner has failed to demonstrate that this was an unlawful exercise of the BOP's executive authority.

I next deal with the issue of aggregation of sentences. Petitioner claims that the BOP will force him to serve an unlawful additional 12-month consecutive sentence because the Bureau failed to aggregate his sentences. The BOP may aggregate a federal offender's sentences for administrative purposes, but the sentences nevertheless remain distinct terms of imprisonment imposed for the separate convictions. *See* 18 U.S.C. § 3584(c) (stating that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes

6

as a single, aggregate term of imprisonment."); *United States v. Gamble*, 572 F.3d 472, 474-75 (8th Cir. 2009). However, sentences governed by different sentencing acts may not be aggregated. *See Deitsch v. Gallegos*, No. 04-1194, 141 F. App'x 745, 746 (10th Cir. July 26, 2005) (unpublished) (recognizing that a sentence classified under the PLRA could not be aggregated with a sentence classified under the SRA).

Petitioner's 71-month and 24-month sentences are not eligible for aggregation because the offenses are governed by different sentencing acts. [*See Response*, Doc. # 18-1, Giddings Decl., at ¶ 8]. The 24-month SRV sentence is classified under the Sentence Reform Act of 1984 (SRA) (effective November 1, 1987), because the original offense date was July 15, 1992. [*See id*].[2] The current 71-month sentence, and the 12-month SRV sentence, are classified under the Prisoner Litigation and Reform Act (PLRA) (effective April 26, 1996), because the offenses were committed in 2008. [*Id.*; *see also* ¶ 6, and attach. 4, at 28].[3] The sentencing acts use different methodologies for the vesting and disallowance of good time credits. Under the SRA, GCT is vested at the end of each year served and cannot be disallowed in following years. *See* 18 U.S.C. § 3624(b) (1987); BOP PS 5270.99.[4] Under the PLRA, GCT does not vest until the inmate is released from custody. 18 U.S.C. § 3624(b)(2) (1995); *see also* 28 C.F.R. § 541.4. To the extent petitioner is arguing that the 71-month sentence should have

---

[2]*See also* BOP Program Statement (PS) 5880.28, Sentence Computation Manual (CCCA of 1984), at p. 1–78J (". . . A Sentencing Reform Act of 1984 (SRA) sentence refers to a sentence imposed for an offense that occurred on or after November 1, 1987 but before September 13, 1994; . . ."). PS 5880.28 can be found at www.bop.gov/policy/progstat/5880_028.pdf.

[3]*See also id.* (". . . [A] Prison Litigation Reform Act of 1995 (PLRA) sentence refers to a sentence imposed for an offense that occurred on or after April 26, 1996.").

[4]*Response*, Doc. # 18-1, at attach. 8.

been aggregated with the 12-month SRV sentence because they are both classified under the PLRA, that argument is without force because the 12-month SRV sentence was ordered to run concurrently with the 24-month SRA sentence and was therefore absorbed within the SRA sentence. [*See Response*, Doc. # 18-1, at 35]. Petitioner has not demonstrated that the Bureau's administration of his sentences was contrary to law, or resulted in an unlawful additional twelve-month sentence.

Finally, I address petitioner's claim that he is entitled to 260 days of GCT towards his current sentence. Section 3624(b) states, in relevant part:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1).

Petitioner began earning GCT credit toward his PLRA sentence on October 7, 2008 (which takes into account the 204 days of prior custody credit he received before commencement of his federal sentence on April 29, 2009). [*Response*, Doc. # 18-1, Giddings Decl., at ¶ 10, and attach. 9, at 43]. Because petitioner has been in "GED

Unsatisfactory" status since November 27, 2001, he is only eligible to earn and receive up to 42 days for each year served on his current sentence, for a potential maximum total of 244 days of GCT. [*Id.* at ¶ 11, and attach. 9, at 43]. *See also* 28 C.F.R. § 523.20(c)(2) (2005) (stating that Bureau will award 42 days credit for each year served if the inmate has not earned or is not making satisfactory progress toward earing a GED credential or high school diploma). However, petitioner has also failed to comply with institutional rules and regulations, which has further reduced his potential GCT credits. [*Id.*, and attach. 10, at 46-83]. *See also* 28 C.F.R. § 523.20(e) (stating that the amount of GCT awarded for the year is subject to disciplinary allowance). At present, petitioner has a maximum of 34 days GCT credit that he can potentially earn on his current sentence. [*Id.* at ¶ 11, and attach. 9, at 43]. In addition, although petitioner has received a total disallowance of 490 days of GCT on the current computation, the maximum amount to be disallowed for each year served is 42 days, and, therefore, the Bureau has only disallowed a total of 210 days. [*Id.*].

Petitioner's conclusory assertions in the Application that he is entitled to additional GCT credits are insufficient to demonstrate that the BOP's computation is erroneous under the applicable statute. Instead, the record demonstrates that any extension of petitioner's full term date since the October 2010 computation is the result of his continued "GED Unsatisfactory" status and the disallowance of GCT credits caused by petitioner's numerous institutional infractions.

In sum, I find that petitioner cannot prevail on his second and third claims.

For the reasons set forth above, I find that petitioner's challenges to the Bureau's computation of his sentences fail and, therefore, the § 2241 Application is without merit.

## IV.  CONCLUSION

I respectfully RECOMMEND that the Application be DENIED and that no certificate of appealability be issued pursuant to 28 U.S.C. § 2253(c).[5]

DATED October 24, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[5] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b)(2), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives de novo review of the recommendation by the district judge, Fed.R.Civ.P. 72(b)(3); *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources, Inc.*, 230 F.3d 1197, 1199–1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir.1996).