IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 13-cv-01368-RM-BNB

TYRONE RICHARD ALLEN,

    Applicant,

v.

CHARLIE A. DANIELS, Warden

    Respondent.

---

**ORDER ADOPTING MAGISTRATE'S RECOMMENDATION
AND DISMISSING CASE**

---

This matter is before the Court on U.S. Magistrate Judge Boyd N. Boland's Recommendation ("Recommendation") (ECF No. 29) that this Court deny Petitioner Tyrone Richard Allen's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Application"). Mr. Allen ("Petitioner") filed timely Objections to the Recommendation (the "Objections"). (ECF No. 32.) For the reasons stated below, the Objections are OVERRULED, the Recommendation is ADOPTED, and the Application is hereby DENIED.

    **I.    LEGAL STANDARD**

A § 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir.1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)) (internal quotation marks omitted). "A motion pursuant to § 2241 generally ... [includes] such matters as the administration of parole, computation of a

1

prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Hernandez v. Davis*, 2008 WL 2955856, at *7 (D.Colo. July 30, 2008) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)) (internal quotations omitted). "A[n] [application] under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity...." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996).

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed within fourteen days of the Magistrate Judge's recommendations and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court, however, cannot act as advocate for

Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. FACTS AND PROCEDURAL HISTORY

The Court adopts and incorporates the factual and procedural history included within the Recommendation as if set forth herein. To the extent any additional facts are necessary for the Court's resolution of this matter, such facts are below.

On April 29, 2009, Petitioner was sentenced in the U.S. District Court for the Eastern District of Tennessee to the following: (1) a 71-month term of imprisonment based on his conviction for being a felon in possession of a firearm; (2) a 24-month term of imprisonment for a violation of supervised release imposed in a separate 1992 case; and (3) a 12-month term of imprisonment for a violation of supervised release imposed in a separate 2008 case. The sentencing court ordered that the supervised release violation terms would run concurrently with each other, but consecutively to the 71-month term for the firearm violation. The Bureau of Prisons (the "BOP") has calculated Petitioner's 71-month sentence as beginning on April 29, 2009, the date it was imposed. Petitioner received prior custody credit of 204 days against that sentence, for the period October 7, 2008 to April 28, 2009. The BOP has also awarded Petitioner good conduct credit towards his 71 month sentence. His most recent projected release date for the 71-month sentence is August 2, 2014, which takes into account his good conduct credit. His projected release date for the consecutive supervised release sentences is April 25, 2016.

Plaintiff filed this 28 U.S.C. § 2241 Application on May 24, 2013, asserting three claims for relief: (1) that he "is not receiving full jail time credit towards both of his sentences"; (2) that his "statutory release/completion of sentence is not being mandated correctly"; and (3) that "the

BOP lacks any authority to alter the sentencing commands of a federal judge." (ECF No. 1 at 2-3.) Petitioner asks the Court to order the BOP to recalculate his sentence.

Petitioner's claims are based on information he acquired from the BOP in 2010 which is substantially different from that reported above—and substantially incorrect. According to the 2010 data submitted by Petitioner with his Application, the BOP initially reported to Petitioner that he served his 24-month supervised release sentence first—and discharged it—then was to serve an 83-month sentence (the 71-month firearms sentence and the 12-month supervised release sentence arising from the 2008 case).

This erroneous computation served to alter the sentence imposed by the sentencing court by making the two supervised release violation sentences consecutive to each other and to the firearms sentence as opposed to concurrent with each other but consecutive to the 71-month firearms sentence.

As Judge Boland noted in the Recommendation, the BOP recognized its error and advised Petitioner in January 2013 that his sentence computation had been adjusted in the manner outlined in the earlier factual recitation. Five months later, attaching only the 2010 computation, Petitioner filed his Application.

### III. ANALYSIS

This Court has reviewed the Recommendation and all relevant pleadings, and concludes that Judge Boland's analysis of the issues was thorough and his conclusions were correct. Judge Boland determined that Petitioner was not entitled to have his pretrial confinement credited twice—once against the firearms sentence and once again against the consecutive supervised release sentences. He also determined that the BOP was not required to have Petitioner serve his

supervised release sentences first as sought by Petitioner, that the BOP had not altered the commands of the sentencing judge, that the BOP properly aggregated Petitioner's sentences, and that the BOP properly computed Petitioner's good time credits. Accordingly, Judge Boland recommended that the Application be denied. In making his determinations, Judge Boland liberally construed the Application, interpreting and extracting theories favorably for Petitioner in light of his *pro se* status.

In response to the Recommendation, Petitioner filed Objections more than a month after the Recommendation issued. (ECF No. 32). Due to the fact that the Objections were untimely, the Court need not consider them. Nonetheless, the Court will address them briefly below.

The Objections contain four enumerated objections to the Recommendation. In the first, Petitioner argues that Judge Boland "assigned a higher value to the evidence of Respondent [than] Petitioner's, and did so without justification, the goal being to avoid an evidentiary hearing in this matter, and the genuine issues of material fact remain." (ECF No. 32 at 1.) This Court has reviewed the evidence *de novo*, and agrees with Judge Boland's analysis. Moreover, Petitioner's criticism does not constitute a meaningful objection, as he does not identify any specific facts which he believes that Judge Boland omitted or failed to give weight to, and this Court can identify none that would alter the outcome here. Rather than being a true objection, Petitioner's characterization is merely a criticism of the Recommendation's outcome and a proclamation that an evidentiary hearing is needed. Petitioner's objection is overruled.

In the second, Petitioner questions Judge Boland's interpretation of 18 U.S.C. § 3585(b)(2). As noted, Judge Boland concluded that Petitioner's pretrial detention could not be twice credited—once against the firearms violation and again against the consecutive supervised

5

release violation sentences in different and distinct cases. Petitioner's argument is that Judge Boland's reading of 18 U.S.C. § 3585(b)(2) is incorrect. This Court disagrees. The statute is straightforward, stating that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence.*" 18 U.S.C. § 3585 (emphasis added). Once the BOP credited Petitioner's detention time to one sentence (*e.g.*, the firearms sentence), it could not thereafter ignore the fact that the time had been credited and credit it again against a separate sentence arising out of separate cases (*e.g.*, the supervised release sentences).

Petitioner's argument appears not to take issue with the plain meaning of the statute, but rather with its implication. He argues since "[i]t is impossible to know before sentencing whether or not jail time [is] being served for more than one charge, which ultimately ends in more than one sentence," and since "[i]n his petitioner's case, since he was in fact in jail for both of his charges, at the same time, and those sentences (jail time) were not 'split' until Petitioner was sentenced," that therefore there is some logical or constitutional flaw in the statute. (ECF No. 32 at 3 (emphasis in original).) In essence, Petitioner argues that he was serving time in each case before sentencing, and that nothing post-sentencing can retroactively alter that fact. The flaw, of course, is that Petitioner was not "serving" any sentence before his April 29, 2009 sentencing. He was simply being detained. There was no retroactive alteration of his sentence which occurred on April 29, 2009 or thereafter. His detention time was simply credited in

accordance with the plain meaning of the operative statute. This Court finds nothing erroneous, unconstitutional, or even unfair, in having prior detention time credited to only one of two consecutive sentences as required by statute. Petitioner's objection is overruled.

In his third enumerated objection, Petitioner says there is a disputed fact as to whether, at his sentencing, he "specifically asked the sentencing court in which order he was to serve his sentences…stating his sentence is being unconstitutionally carried out, resulting in a loss of jurisdiction." (ECF No. 32 at 3.) Again, the objection is less than clear. What Petitioner appears to be contending is that he recalls the sentencing judge stating an intention for Petitioner to serve his supervised release sentence first. Since the BOP has now required him to serve his firearms sentence first, according to Petitioner the BOP has somehow committed a constitutional violation which invalidates its continued ability to hold Petitioner or, at least, administer his sentence. And since Petitioner remembers this statement, he now contends that there is an issue of fact which somehow prevents denial of his Application.

Judge Boland addressed the order in which the sentences should be served on legal grounds. He concluded that once sentence is imposed, responsibility for administering the sentence rests legally with the BOP. Moreover, he concluded that there was no legal error committed by the BOP as the Judgments imposed the firearms sentence first and then the supervised release sentences "consecutive to" the 71-month firearms sentence. (ECF No. 18-1 at Attachment 4). As to the fact that the supervised release sentences were imposed "consecutive to" the firearms sentence, Petitioner admits this fact in his Application. (ECF No. 1, p. 4).

As noted, no objection has been made to the legal basis for Judge Boland's Recommendation. No objection has been raised to the determination that the supervised release

sentences were imposed "consecutive to" the firearms sentence.  In light of this, the mere fact that Petitioner contends that the sentencing court made some expression of intention at sentencing is insufficient to overcome the clear import of the judgments and the legal conclusions reached by the Magistrate Judge.  The objection is overruled.

In his fourth enumerated objection, Petitioner responds to Judge Boland's footnote about the number of days Petitioner is entitled to, explaining his reasoning for his assertion that he is entitled to 211 days of prior custody credit.  Petitioner points to "the 208 days recognized in the initial computation and data sheets, and the 3 days which show in his jail/arrest credits, however not calculated or included in his data sheets." (ECF No. 32 at 4.)

Much like his first purported objection, there is little here which qualifies as an objection. In analyzing Petitioner's entitlement to credit for time in detention before sentencing, Judge Boland simply noted in a footnote some uncertainty as to why Petitioner contends he is entitled to 211 days of jail credit instead of 204.  Judge Boland then went on to conclude that Petitioner was not entitled to the same credit against each of his separate sentences.  In response, Petitioner explains that his 211 day figure stems from the initial (January 2010) computations of his sentence and references the Attachments to his Application.  This, of course, does little to advance the claim of entitlement to double credit of detention time on both the firearms and supervised release sentences.

Out of respect for Petitioner's *pro se* status, the Court has conducted a complete review of the record and identified a potential objection as well as a point of obvious confusion flowing from Petitioner's Objections.  In terms of the objection, it is possible that Petitioner's explanation means to suggest that he is entitled to all credits originally recognized in the 2010 sentence

computations which the Court has described as erroneous. These computations, attached to the Application, in fact show the same detention credits (208 days) being assessed against the 24-month supervised release sentence and also against the subsequent 83-month sentence (obtained by erroneously combining the 12-month supervised release sentence with the 71-month firearms sentence). Viewed in this manner, the objection is essentially a claim of estoppel asserting that the BOP is bound by its first determination—whether erroneous or not.

To the extent this is the objection contemplated by Petitioner, it is overruled. As previously noted, 18 U.S.C. §3585(b) requires that detention credits be granted with respect to only one sentence. That legal conclusion is driven by statute, not by BOP computation sheets. To the extent Petitioner asserts some form of estoppel against the BOP, the Court notes that the claim is conclusory, lacking in any legal support or basis, and contrary to law.

Finally, there is some potential for confusion as to Petitioner's custody credits which the Court wishes to dispel. The Court has identified the days during which Petitioner was in custody prior to his April 29, 2009 sentencing. Both Petitioner and the BOP agree that the dates are September 3-4, 2008; September 11-12, 2008; and October 7, 2008 to April 28, 2009. These total 208 days of available credits—not 211 days.

In the Recommendation, Judge Boland references 204 days of credit assessed against the 71-month firearms sentence. This is not, however, a miscalculation of total credits. For reasons not clear to the Court from the record, the BOP assessed 204 days of credit (October 7, 2008 to April 28, 2009) against Petitioner's 71-month firearms sentence. The remaining four days (September 3-4 and 11-12, 2008) have been credited against the supervised release sentences.

See July 2013 Sentence Monitoring Computation Data at ECF No. 18-1, Attachment 6. Thus, Petitioner is receiving all detention or custody credits to which he is entitled.

## IV. CONCLUSION

Based on the foregoing, it is ORDERED that:

1. Petitioner's Objections to the Magistrate Judge's October 24, 2013 Recommendation are OVERRULED and the Recommendation is ADOPTED;

2. The Application (ECF No. 1) is hereby DENIED; and

3. The Clerk of the Court is directed to close this case.

DATED this 3rd day of June, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge